IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MARTIN RAPHAEL**                                                                              **PLAINTIFF**

**VERSUS**                                         **CIVIL ACTION NO. 1:06cv54-LG-RHW**

**ROBERT HACKETT, JOSEPH ALBE,**
**CARTER BISE and FLOYD LOGAN**                                         **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER DISMISSING
## PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 4(m)

THIS MATTER COMES BEFORE THE COURT *sua sponte* after review of the pleadings on file, the Court finds that the above captioned cause be dismissed without prejudice pursuant to FED. R. CIV. P. 4(m) as Plaintiff has failed to effectuate service of process upon the defendants.

## FACTS AND PROCEDURAL HISTORY

The *pro se* Plaintiff filed this attorney malpractice lawsuit January 20, 2006. The complaint asserts diversity jurisdiction, but states that Plaintiff and Defendants Albe, Bise and Logan are all residents of Mississippi, and Defendant Hackett is a resident of Louisiana.[1] The complaint mentions nothing regarding issuance of process, nor any addresses of defendants other that their county/parish and state of residence.

On May 19, 2006, Plaintiff requested a thirty-day extension of time to serve process on Defendants. By text order entered May 23, 2006, the Court granted Plaintiff an extension until June 22, 2006 to effect service of process. No summons was issued and no process was served.

On June 22, 2006, Plaintiff filed a second motion for extension of time to serve the

---

[1]The civil cover sheet filed with the complaint has checked that Plaintiff is a citizen of another state.

Defendants.  The Court granted the second motion by text order entered June 26, 2006, giving Plaintiff until July 26, 2006, to serve Defendants.  The order in part stated: "[a]ny further motion for extension of time to serve defendants must recite all efforts made by Plaintiff to effect service of process on the defendants since the filing of this lawsuit."   Again, no summons was issued and no process was served on any defendant.

On July 24, 2006, Plaintiff filed a third motion for another thirty-day extension to serve process stating, "progress has been made in locating defendants...".  Plaintiff further recited the following actions illustrating his attempts to complete service:

> 1.  Numerous verbal and written requests have been made to obtain file from defendant Floyd Logan to no avail.  If file is not provided during requested thirty day extension, I will proceed without the file and petition the court to allow any necessary modification to existing Complaint.
>
> 2.  Requests have been made to both the Louisiana State Bar Association and the Mississippi Bar Association to get current addresses of Joseph Albe and Robert Hackett, who apparently were displaced by Hurricane Katrina.

The first of these actions indicates that Plaintiff was in actual contact with defendant Floyd Logan, yet did nothing with respect to serving Logan with the summons and complaint in this lawsuit.[2]  The second states nothing with respect to either defendant Logan, or to defendant Carter Bise.  To date, there has been no issuance of process, nor service upon any defendant.

In reluctantly granting Plaintiff a third and "final" extension until August 25, 2006, to serve process, the Court admonished Plaintiff that his actions with respect to service of process set out in that motion "fall short of what this Court deems to be good cause for further extension of time to serve Defendants," and warned Plaintiff that his "**failure to make some meaningful**

---

[2] Under Rule 4(d), Fed. R. Civ. P., Plaintiff could have sought a waiver of service of process by Logan.

**effort to serve process within that time** [allowed by this extension] **will result in a recommendation that this case be dismissed.**" (emphasis in original)   No summons was issued and no defendant was served prior to the expiration of the third extension.  Instead, on the final day of that extension, Plaintiff filed a fourth motion requesting yet another extension of time to serve defendants, representing that he has requested issuance of process and has made:

> ...tentative arrangements with Darrin Versiga, a Pascagoula server to serve all defendants.  These arrangements will be immediately consummated if the court grants an extension.  Mr. Versiga has promised to immediately begin service at that time.  Until recently, I was under the impression that the marshals would provide service.

An August 25, 2006, docket annotation regarding this motion states:

> Plaintiff states in his Motion for Time that he has requested issuance of process.  As of this date, the Clerk's office has not received any summons to be issued in this case.  (rlw) (Entered: 08/25/2006)

FED. R. CIV. P. 4( b) provides that once a complaint is filed, the plaintiff may present a summons to the clerk for signature and seal, and if it is in proper form, the clerk "shall sign, seal, and issue it to the plaintiff for service on the defendant."   Plaintiff submits that he did not receive the Court's August 1, 2006, order granting the third extension until August 14, 2006, "due to a delivery mistake by the U.S. Postal Service."  The Court notes that the copy of the order which was mailed to the Plaintiff was returned to the Court  marked "undeliverable" on August 10, 2006.  Subsequently on August 25, 2006, Plaintiff filed a notice of change of address.  Plaintiff's tardy receipt of the order granting the third extension does not serve to relieve him of the duty to diligently pursue service of process on defendants.  Plaintiff's fourth motion for additional time was denied by text order entered on August 29, 2006.

## LAW AND ANALYSIS

Rule 4(m), Fed. R. Civ. P., allows 120 days for service of the complaint and summons. That period expired in this case May 20, 2006, but Plaintiff has three times been granted extensions to effectuate service upon the defendants. To date, 221 days have elapsed since Plaintiff filed this lawsuit, almost twice the time allowed by the Rules, yet no summons has been issued and no defendant has been served. Rule 4(m) provides that "if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." The Court granted Plaintiff three requested extensions of time to serve the defendants, all to no avail, as Plaintiff has made no discernible effort to effect service of process. Although he has filed with the Court four motions for additional time to serve the defendants, Plaintiff has presented no summons to the clerk for issuance in the seven months since he filed this lawsuit. Although he has apparently been in actual contact with at least one defendant, he has not served that defendant or pursued a waiver of service.

Based upon the foregoing, the Court finds that Plaintiff has failed to make any meaningful effort to serve the Defendants with the summons and complaint. Accordingly,

**IT IS ORDERED AND ADJUDGED** that this case be dismissed without prejudice for failure to comply with FED. R. CIV. P. 4(m).

**SO ORDERED AND ADJUDGED** this the 30th day of August, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE