**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MARTIN RAPHAEL** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **Civil Action No. 1:06CV54LG-RHW** |
| | § | |
| **ROBERT HACKETT, ET AL.** | § | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER GRANTING MOTION**
**TO DISMISS FILED BY CARTER BISE AND FLOYD LOGAN**

THIS MATTER COMES BEFORE THE COURT on a Motion to Dismiss filed

October 20, 2006, by Defendants Carter Bise and Floyd Logan.  Defendants move the Court

for dismissal from the above styled and numbered cause for lack of jurisdiction pursuant to

FED. R. CIV. P. 12(b)(1) and (2).  Alternatively, Defendants move for dismissal pursuant to

FED. R. CIV. P. 4(m). Plaintiff has failed to file a response to the Defendants' motion.  After

consideration of the instant motion, the pleadings on file, and the relevant legal authority, it is

the opinion of the Court that the Motion is well taken and should be granted for the reasons

that follow.

**FACTS AND PROCEDURAL HISTORY**

On January 20, 2006, Plaintiff filed the instant complaint against Robert Hackett,

Joseph Albe, Carter Bise and Floyd Logan for legal malpractice**.**  Plaintiff submitted a change

of address on April 19, 2006, indicating that his new address was in the state of Washington.

On May 19, 2006, Plaintiff requested a thirty-day extension of time to serve process on

Defendants.  By text order entered May 23, 2006, the Court granted Plaintiff an extension until

June 22, 2006 to effect service of process.  No summons was issued and no process was served.

On June 22, 2006, Plaintiff filed a second motion for extension of time to serve the Defendants.  The Court granted the second motion by text order entered June 26, 2006, giving Plaintiff until July 26, 2006, to serve Defendants.  The order in part stated: "[a]ny further motion for extension of time to serve defendants must recite all efforts made by Plaintiff to effect service of process on the defendants since the filing of this lawsuit."   Again, no summons was issued and no process was served on any defendant.

On July 24, 2006, Plaintiff filed a third motion for another thirty-day extension to serve process stating, "progress has been made in locating defendants...".  Based on Plaintiff's recited actions and representations concerning his attempts to complete service, the Court granted Plaintiff a third and final extension until August 25, 2006, to serve process.  No summons was issued and no defendant was served prior to the expiration of the third extension.  Instead, on the final day of that extension, Plaintiff filed a fourth motion requesting yet another extension of time to serve defendants, representing that he had requested issuance of process and had made arrangements with a process server to serve all defendants. The fourth motion for additional time was denied by text order entered on August 29, 2006, and, by separate opinion, the above captioned cause was dismissed for failure to serve process in accord with FED. R. CIV. P. 4(m).   Upon Plaintiff's Motion for Reconsideration, the Court granted one final extension of time and issued the following directive: Plaintiff was to serve all defendants within ten days of the date of that order or by September 29, 2006.   Summons were issued by the Clerk on September 25, 2006.  An entry of appearance on behalf of Bise and

Logan was made on October 13, 2006.   The instant motion was filed on October 20, 2006.

## LAW AND DISCUSSION

Defendants Bise and Logan move for dismissal pursuant to FED. R. CIV. P. 12(b)(2) on the grounds that Plaintiff has failed to establish jurisdiction over them.  Plaintiff has failed to respond to the instant motion.  Pursuant to Rule 7.2 (C)(2) of the Uniform Local Rules of the United States District Courts for the Northern District and Southern District of Mississippi, "[i]f a party fails to respond to any motion, other than a motion for summary judgment, within the time allotted, the court may grant the motion as unopposed."   Because Plaintiff has failed to respond to the instant motion within the time allowed, the instant motion should be granted as unopposed pursuant to Local Rule 7.2(C)(2).  Alternatively, if the Court were to reach the merits of Defendants' 12(b)(2) motion, the Defendants' have shown that the Court lacks personal jurisdiction over them.  When a defendant files a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of proof.  *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982).  "It is not necessary for [the plaintiff] to 'establish personal jurisdiction by a preponderance of the evidence; prima facie evidence of personal jurisdiction is sufficient'."  *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 854 (5th Cir. 2000), *quoting Wyatt*, 686 F.2d at 280.  The Court will accept the Plaintiffs' "'uncontroverted allegations, and resolve in [their] favor all conflicts between the facts contained in the parties' affidavits and other documentation'."  *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 854 (5th Cir. 2000), *citing Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000).

Jurisdiction is determined as of the time of the filing of the complaint. *Seafoam, Inc. v. Barrier*

*Systems Inc.,* 830 F.2d 62 (5th Cir. 1987).  Diversity jurisdiction of all parties is likewise

determined when the complaint is filed. *See Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S.

826, 830, 109 S.Ct. 2218, 2221, 104 L.Ed.2d 893 (1989); *Coury  v. Prot,* 85 F.3d 244, 248 (5th

Cir. 1996); *Turrentine v. Brookhaven, Mississippi School Dist.,* 794 F.Supp. 620 (S.D. Miss.

1999).  In the case before the Court, the record indicates that Plaintiff is a Mississippi resident,

Robert Hackett is a Louisiana resident and the remaining Defendants are Mississippi residents.

Defendants Bise and Logan, who are Mississippi residents and practicing attorneys, contend

that jurisdiction over them is improper because there is not complete diversity under 28 U.S.C.

§ 1332.  This section governs subject matter jurisdiction and states in part:

> The district court shall have original jurisdiction of all civil actions where the
> matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest
> and costs, and is between–
> (1) citizens of different states;

*28 U.S.C. § 1332 (a).*

It is clear from the pleadings before the Court that there is not complete diversity of

citizenship among the parties.  There is no question but that the presence of a defendant who is

a citizen of the same state as the plaintiff destroys complete diversity and, therefore, federal

jurisdiction. *See Scott v. Pfizer,* 182 Fed.Appx. 312, 315 (5th Cir. 2006), *Corfiled v. Dallas Glen*

*Hills LP,* 355 F.3d 853, 857 (5th Cir. 2003), citing *Whalen v. Carter,* 954 F.2d 1087, 1094 (5th

Cir. 1992) ("The diversity  statute requires 'complete diversity' of citizenship: a district court

cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as

one of the defendants. *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806); *Mas v.*

*Perry*,  489 F.2d 1396, 1398-99 (5th Cir. 1974), *cert. denied,* 419 U.S. 842, 95 S.Ct. 74, 42

L.Ed.2d 70 (1975)").  Defendants Bise and Logan have demonstrated that they should not be

subject to personal jurisdiction in this Court.  Accordingly, their Motion to Dismiss should be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED,** that the Motion to Dismiss for lack of jurisdiction pursuant to FED. R. CIV. P. 12(b)(2), filed October 20, 2006, [14-1]  should be, and is hereby **GRANTED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that alternatively this case should be and is hereby dismissed pursuant to Rule 7.2 (C)(2) of the Uniform Local Rules of the United States District Courts for the Northern District and Southern District of Mississippi.

**SO ORDERED AND ADJUDGED** this the 8th day of November, 2006.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE